## NAPIER v. NORTHWESTERN OHIO RY. & POWER CO.

(Circuit Court of Appeals, Sixth Circuit. December 6, 1924.)

### No. 4073.

1. **Courts ☞356—Exceptions, bill of ☞38—Federal court can settle and sign bill of exceptions at any time during term; state statute not imposed by Conformity Act.**

Ohio statute relating to bill of exceptions does not by force of Conformity Act apply to federal courts, but federal court has authority to settle and sign bill of exceptions at any time during term, regardless of any order made within the term fixing a time for that purpose.

2. **Railroads ☞351(8)—Refusal to charge railroad was required to use greater care where view was obstructed, held prejudicial error.**

In action for death of occupant of automobile struck by train at crossing, refusal to charge that railroad was required to use increased or greater care as train approached crossing, if weeds and bushes obstructing view were on its right of way, *held* prejudicial error.

3. **Railroads ☞350(13)—Contributory negligence of occupant of automobile jury question.**

In action for death of occupant of automobile struck by train at crossing, question of contributory negligence was one for jury, under proper instructions as to law.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; Paul Jones, Judge.

Action by Bessie Napier, administratrix of the estate of Charles Napier, deceased, against the Northwestern Ohio Railway & Power Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Ritter & Schminck, of Toledo, Ohio, and John F. McCrystal, of Sandusky, Ohio, for plaintiff in error.

True & Crawford, of Port Clinton, Ohio, for defendant in error.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. On August 16, 1920, an automobile in which Charles Napier, husband of Bessie Napier, was riding, was struck by an interurban car then moving in an easterly direction over the track of the Northwestern Ohio Railway & Power Company at a point where it crosses a private road in Ottawa county, Ohio, known as Lee road, or Lee lane, which road at this point extends in a northerly and southerly direction. The automobile was owned by Charles Napier, and was being driven by his son, Orris Napier, both of whom, with another occupant of the automobile, were instantly killed.

Bessie Napier, as administratrix of her husband's estate, brought an action in the District Court to recover damages for the wrongful death of her husband, which it is averred in the petition was caused through the negligence of the defendant railway and power company. The answer denied negligence on the part of the defendant, and averred that the accident resulting in the death of these three men was occasioned solely by the negligence of Charles Napier and Orris Napier in driving their automobile upon the track of the defendant without stopping, looking, or listening. The reply denied negligence on the part of Charles and Orris Napier. A verdict was returned in favor of the defendant. A motion for new

trial was overruled, and judgment was entered upon the verdict.

In her petition the plaintiff alleged, among other things, that the defendant had carelessly and negligently allowed the view of its track to be obstructed by weeds, bushes, shrubbery, and trees growing along its right of way and close to its railway tracks, so that it was impossible for persons approaching this crossing going in a northerly direction on Lee road to see the car coming from the west in time to avoid a collision. Upon the trial of the cause, evidence was introduced on behalf of the plaintiff tending to prove this allegation of her petition.

[1] The objection to the bill of exceptions cannot be sustained. The Ohio statute in reference to the signing and filing of a bill of exception does not, by force of the Conformity Act, apply to the federal courts. On the contrary, the federal court has authority to settle and sign a bill of exceptions at any time during the term, regardless of any order made within the term fixing a time for that purpose. In the absence of anything to the contrary appearing in this record, this court may assume that the term in which the motion for a new trial was overruled continued until the last Tuesday in October, which is the date fixed by statute for the beginning of the subsequent term. Prior to this time a motion was filed for extension of time. This motion was not acted upon during the term, but we may assume, also, that in accordance with the general practice this motion was carried over until the next term under a standing rule or by a general order of the court.

The court charged the jury that "plaintiff further claims that the view of plaintiff's decedent and those who were with him in this automobile approaching that crossing was obstructed by trees and bushes growing to the west of the lane, and to the south of the right of way of the electric railroad's tracks at this point." This inadvertence on the part of the court in stating the exact claim of the plaintiff is followed in the charge by the further statement that "the defendant company is not responsible for bushes or trees or obstructions which grow up or are not upon its own right of way, but upon the lands of others."

[2] The court also charged the jury that "if the view is obstructed at the crossing, or in proximity to the crossing, a greater degree of caution and care or increased vigilance is required of the person undertaking to cross over this interurban track, and that duty devolved upon this plaintiff's

decedent because of the fact that his son was operating this car," but refused the request of the plaintiff to charge "that the defendant was required to use increased or greater care as it approached this crossing, if the weeds and bushes were on its own right of way." The refusal to give this request, or its equivalent, in the general charge, was prejudicial error.

[3] Upon the question of contributory negligence this court does not express any opinion whatever. That question is one for determination by the jury under proper instructions as to law.

For error of the court in failing to state the corresponding duties of defendant, where obstructions are permitted to grow or remain upon its right of way, the judgment is reversed, and cause remanded for further proceedings.